AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

**SOUTHERN** DISTRICT OF **NEW YORK**

RONALD WYNN, Individually, and on Behalf of
All Other Persons Similarly Situated,

Plaintiffs,

V.

AMERICAN ARMORED CAR, LTD., DOMINICK
COLASUONNO and JOHN DOES 1-10, Jointly
and Severally,

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:

06 CV 4271

JUDGE CARTER

TO: (Name and address of defendant)

AMERICAN ARMORED CAR, LTD., 44 North Saw Mill River Road, Elmsford, N.Y. 10523
DOMINICK COLASUONNO, 44 North Saw Mill River Road, Elmsford, N.Y. 10523

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William C. Rand, Esq., Law Office of William Coudert Rand, 711 Third Avenue, Suite 1505, New York, N.Y. 10017

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                              2006

CLERK                                                             DATE

(BY) DEPUTY CLERK

AO 440  (Rev. 10/93) Summons In a Civil Action -SDNY  WEB 4/99

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and Complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____
_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐  Returned unexecuted: _____
_____
_____
_____

☐  Other *(specify)*: _____
_____
_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  _____        _____
                          Date                                                    Signature of Server

                                                                    _____
                                                                    Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs, individually and
on behalf of all other persons similarly situated

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RONALD WYNN,
Individually, and on Behalf of All Other Persons       : ECF
Similarly Situated,                                    : 2006 Civ. _____
                                                       :
                          Plaintiffs,                  : **CLASS AND**
                                                       : **COLLECTIVE ACTION**
        -against-                                      : **COMPLAINT**
                                                       :
AMERICAN ARMORED CAR, LTD.,                            : **Demand for Jury Trial**
DOMINICK COLASUONNO and JOHN DOES # 1-10,              :
Jointly and Severally,                                 :
                                                       :
                          Defendants.                  :
------------------------------------------------------------------x

Plaintiff, through his attorneys, complaining of Defendants, alleges as follows:

### NATURE OF THE ACTION

1.      Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendants who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b) et seq., that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.      Plaintiff further complains on behalf of himself and other similarly situated current and former employees of the Defendants, pursuant to Fed. R. Civ. P. 23, that they are entitled to back wages from Defendants for worked performed for overtime work for which they

1

did not receive overtime premium pay as required by New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391 as the Defendants reside in this District and a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff at all relevant times resided in the County of Westchester in the State of New York.

7. Upon information and belief, Defendant AMERICAN ARMORED CAR, LTD. (the "CORPORATE DEFENDANT") is a domestic corporation organized and existing under the laws of the State of New York and conducting business in the southern district of New York at 44 North Saw Mill River Road, Elmsford, N.Y. 10523.

8.  Upon information and belief, DOMINICK COLASUONNO was an officer, director and/or managing agent of the CORPORATE DEFENDANT, who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the CORPORATE DEFENDANT.

9.  Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the CORPORATE DEFENDANT, whose identities are unknown at this time and who participated in the day-to-day operations of the CORPORATE DEFENDANT and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the CORPORATE DEFENDANT.

## COLLECTIVE ACTION ALLEGATIONS

10. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since June 7, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid compensation at rates not less than one and one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

11. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which

3

the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

12.   Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

13.   A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

14.   Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a)   whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b)   what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c)   whether Defendants failed to pay the Collective Action Members for hours which they worked and received no compensation as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d)   whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e)   whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f)   whether Defendants should be enjoined from such violations of the FLSA in the future.

15.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ACTION ALLEGATIONS

16.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

17.   Plaintiff brings his New York Labor Law claim on behalf of all persons who were employed by Defendants at any time since June 7, 2000, to the entry of judgment in this case (the "Class Period"), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the "Class").

18. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are based, are presently within the sole control of the Defendants, upon information and belief, there are at least 40 members of the Class during the Class Period.

19. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of the wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

20. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

21. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

22. Plaintiff has the same interests in this matter as all other members of the Class, and Plaintiff's claims are typical of the class.

23. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

(a) whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed/and or refused to pay the members of the Class overtime compensation for hours worked in excess of forty hours per workweek and/or more than ten hours per day within the meaning of the New York Labor Law;

(d) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(e) whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

## STATEMENT OF THE FACTS

24.  Plaintiff Wynn was employed by Defendants as a security guard worker from approximately September 2002 to approximately September 2005.

25.  Plaintiff worked approximately 70-80 hours per week and/or more than ten hours per day and worked 6-7 days per week.

26.  Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

27.  The work performed by Plaintiff required little skill and no capital investment. Plaintiff's duties did not include managerial responsibilities or the exercise of independent judgment.

28.  Plaintiff often worked in excess of 40 hours a week and/or ten hours per day, yet the Defendant willfully failed to pay Plaintiff overtime compensation of one and one-half times

his regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

29. Throughout the time period and, upon information belief, both before the time period (throughout the Class Period) and continuing until today, Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members/the Class) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

30. Such individuals have worked in excess of 40 hours a week and/or ten hours per day, yet the Defendants has likewise willfully failed to pay them overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.

31. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendant and can be ascertained through appropriate discovery.

32. Upon information and belief, throughout all relevant time periods, and during the course of Plaintiff's own employment, the course of the Class Period and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

33.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

34.     At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

35.     At all relevant times, Defendants employed and/or continue to employ Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

36.     Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

37.     Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

38.     At all relevant times, Defendants had a policy and practice of refusing to pay for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

39.     As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

40.     As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action members, upon information and belief Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

42.     Due to Defendants' FLSA violations, Plaintiff and the Collective Action members are entitled to recover from Defendants, their unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**NEW YORK STATE LABOR LAW**

43.     Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

44.     At all relevant times, Plaintiff and the members of the Class were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

45.     Defendants willfully violated Plaintiff's rights and the rights of the members of the Class, by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the

New York Labor Law and its regulations including the "spread of hours" regulation, 12 NYCRR § 142-2.18.

46. Defendants' New York Labor Law violations have caused Plaintiff and the members of the Class, irreparable harm for which there is no adequate remedy at law.

47. Due to Defendants' New York Labor Law violations, Plaintiff and the members of the Class are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, on behalf of himself and all other persons similarly situated, Collective Action members and members of the Class, respectfully request that this Court grant the following relief:

(a) Certification of this action as a class action pursuant to Fed R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class;

(b) Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

(c) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

11

(d) An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(e) An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

(f) An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and improper wage deductions pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(g) An award of prejudgment and post judgment interest;

(h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(i) Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       June 7, 2006

                                        LAW OFFICE OF WILLIAM COUDERT RAND

                                        S/William C. Rand  *[signature]*
                                        _____
                                        William Coudert Rand, Esq. (WR-7685)
                                        Attorney for Plaintiff, Individually,
                                        and on Behalf of All Other Persons Similarly Situated

                                        711 Third Avenue, Suite 1505
                                        New York, New York 10017
                                        Tel: (212) 286-1425

                                        Co-counsel
                                        Berger & Gottlieb
                                        Jeffrey M. Gottlieb, Esq. (JG-7905)
                                        150 East 18th Street, Suite PHR
                                        New York, New York 10003
                                        Tel: (212) 228-9795

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of *American Armored Car, Ltd.* to pay me overtime wages as required under state and/or federal law and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize the representative plaintiffs and designate them class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

_____*Ronald Wynn*_____   _5/25/06_   _____Ronald Wynn_____
Signature                  Date          Print Name